UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIN TELLIER,

        Plaintiff,

v.                               CASE No.  8:10-CV-536-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

O R D E R

        The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security fails to address the plaintiff's claim of fatigue, the decision will be reversed and the matter remanded for further consideration.

I.

        The plaintiff, who was forty-eight years old at the time of the administrative hearing and who completed the eighth grade (Tr. 35), has

---

      [*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

worked as an appliance repairman, motor technician, plumber, pool cleaner, and telemarketer (Tr. 138).  He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to AIDS, chronic obstructive pulmonary disease (COPD), congestive heart failure, hepatitis C, and sleep apnea (Tr. 151).  The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of obesity and chronic obstructive pulmonary disease (Tr. 17).  The law judge concluded that, despite these impairments, the plaintiff can perform the full range of light work (Tr. 19).  Based upon the testimony of a vocational expert, the law judge further found that the plaintiff was capable of performing past relevant work as a telemarketer (Tr. 25). Alternatively, the law judge ruled that there are other jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as surveillance system monitor, order clerk, gate guard, and parking lot cashier (Tr. 27).  Accordingly, the law judge decided that the plaintiff was not

disabled (id.).  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389. 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197. 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal: the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is. moreover, the function of the Commissioner, and not the courts. to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson. 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff raises two issues in opposition to the law judge's decision (Doc. 18, p. 2). An aspect of the first of these arguments identifies reversible error.

The plaintiff first contends that the law judge improperly discounted the opinion of Dr. Brent W. Laartz, his treating physician. Since at least 2004, Dr. Laartz has treated the plaintiff for various ailments, including pneumonia, bronchitis, COPD, sleep apnea, HIV, bacterial infections, lower extremity edema, neuropathy, and diabetes (Tr. 255-82, 321-40, 389-418). On November 14, 2007, Dr. Laartz partially responded to questions posed in a Physical Medical Assessment Questionnaire (Tr. 370-75). Although he did not specify a date of onset, he opined that the plaintiff suffers from various disabling functional limitations (<u>id.</u>).

Specifically, Dr. Laartz opined in the questionnaire that the plaintiff has psychological conditions, namely depression, that affect his

physical condition, that the symptoms of his impairments "[c]onstantly" interfere with attention and concentration, and that he is, consequently, "[i]ncapable of even 'low stress' jobs" (Tr. 371-72). Dr. Laartz further opined that the plaintiff can sit for one hour, stand for 45 minutes, and can sit and stand or walk a total of about two hours in an eight-hour workday (Tr. 372). In this regard, Dr. Laartz concluded that the plaintiff would need to take an unspecified number of unscheduled breaks during the workday, should have his legs elevated with prolonged sitting (although he did not indicate how high or for what percentage of the time), and could only occasionally lift and carry an unspecified amount of weight (Tr. 373). Finally, Dr. Laartz opined that the plaintiff has significant limitations in doing repetitive reaching, handling, or fingering (Tr. 374).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is

conclusory or inconsistent with the physician's own medical records. Lewis
v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge considered Dr. Laartz's opinions and explained
why he was discounting them as follows (Tr. 22):

> Although the questionnaire asked very specific
> questions and provided a space for an explanation.
> Dr. Laartz was selective about which questions he
> answered and providing explanations.    The
> questionnaire appeared to be incomplete. (Exhibit
> 13F)[.] The undersigned finds that this opinion
> from a treating physician of the claimant is
> inconsistent with the overall evidence of record
> and therefore gives this opinion little weight.

This explanation adequately provides good cause for discounting
Dr. Laartz's questionnaire responses of functional limitations.  The extreme
limitations opined by Dr. Laartz are not reflected in the medical evidence and
are not explained by Dr. Laartz.  For example, as the Commissioner points
out, Dr. Laartz's treatment notes do not reflect any treatment or referrals for
the plaintiff's alleged mental impairments, and a consultative psychologist
opined that the plaintiff's attention span and concentration were only mildly
impaired and did not mention anything about the plaintiff's inability to
tolerate work-related stress (Tr. 352).  Thus, there was no apparent basis for

-7-

Dr. Laartz, who is not a mental health specialist, to opine that the plaintiff is incapable of even low-stress jobs.

Further, medical evidence does not support Dr. Laartz's opinion that the plaintiff has significant manipulative limitations, and Dr. Laartz did not answer the question concerning the percentage of time there are such limitations (Tr. 374). In addition, the questionnaire did not contain any meaningful explanation for Dr. Laartz's extreme limitations on the plaintiff's ability to sit, stand, and walk.

Under these circumstances, the law judge could reasonably conclude that the functional limitations opined by Dr. Laartz were unsubstantiated and unexplained. Consequently, the law judge could reasonably conclude further that the extreme limitations were not plausible and could reasonably decide to give them little weight. Accordingly, to the extent the plaintiff asserts that the law judge failed to give appropriate weight to Dr. Laartz's opinions regarding the plaintiff's functional limitations, that assertion lacks merit.

The plaintiff, however, also argues in connection with his first issue that the law judge failed to give appropriate weight to diagnoses and

-8-

symptoms set forth by Dr. Laartz in the questionnaire. This contention warrants reversal due to the law judge's failure to evaluate Dr. Laartz's diagnosis of chronic fatigue.

Dr. Laartz stated in the questionnaire diagnoses of "HIV, uncontrolled diabetes, chronic fatigue, cough, neuropathy, [and] COPD" (Tr. 370). Further, he listed the following symptoms: "Fatigue, weakness/ numbness in legs, diarrhea, nausea, chronic bronchitis, COPD, edema, [and] PVD [peripheral vascular disease]" (id.).

The law judge addressed the diagnoses of HIV (Tr. 17), diabetes (Tr. 17, 21), and COPD (Tr. 17, 20-21). The law judge did not evaluate the diagnosis of chronic fatigue that was stated by Dr. Laartz. While the plaintiff's counsel asserts that the plaintiff's fatigue is caused by sleep apnea (Doc. 18, p. 9), Dr. Laartz did not set forth a diagnosis of sleep apnea. Regardless of the cause, Dr. Laartz diagnosed the plaintiff with chronic fatigue, and listed fatigue as a symptom. Further, the plaintiff testified that fatigue limited his activities (Tr. 49-51). In fact, his lawyer indicated that the plaintiff was falling asleep during his testimony at the administrative hearing (Tr. 49).

The law judge was required to evaluate the evidence, including Dr. Laartz's statements, regarding the plaintiff's fatigue. The law judge must state specifically the weight accorded each item of impairment evidence and the reasons for his decision on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986); Luckey v. Astrue, 331 Fed. Appx. 634, 638-40 (11th Cir. 2009)(unpub. dec.). The law judge did not provide any discussion at all regarding the evidence of fatigue. Absent such a discussion, meaningful judicial review is not possible of the law judge's apparent determination that the plaintiff's fatigue does not prevent him from performing the jobs the law judge found that he could perform. Luckey v. Astrue, supra, 331 Fed. Appx. at 640. Therefore, a reversal of the decision with a remand for further proceedings is warranted, so that proper consideration can be given to the evidence of fatigue.

The plaintiff also argues that the law judge failed appropriately to evaluate evidence that the plaintiff suffers edema, or swelling, in his legs (Doc. 18, p. 9). Dr. Laartz diagnosed neuropathy on the questionnaire and the listed symptoms include "weakness/numbness in legs" and "edema" (Tr. 370). Further, the plaintiff testified that he suffers from edema in his legs all the

time and that it inhibits his ability to walk (Tr. 54-55).  Although the law judge provided a brief discussion of the impairment of edema, what was not provided was any cogent explanation for the finding that, despite the edema, the plaintiff could perform the full range of light work, which requires the ability to stand or walk for at least six hours of an eight-hour workday.  Such an explanation would require a justification for discounting Dr. Laartz's statements that the plaintiff suffers from edema and weakness and numbness in his legs.

Arguably, however, the inadequate discussion of this impairment would not amount to reversible error.  The law judge found that the plaintiff could return to sedentary work as a telemarketer and could also perform sedentary work as a surveillance system monitor and an order clerk (Tr. 25, 27, 57).  Thus, even if the law judge erred in finding that the plaintiff's edema did not preclude him from jobs that involved standing or walking for six hours, the plaintiff seemingly could nevertheless perform the sedentary jobs. It is unnecessary, however, to resolve whether the inadequate discussion regarding the plaintiff's edema constitutes reversible error, since reversal is required on a different ground.

In his second issue, the plaintiff argues that the law judge failed to include certain additional limitations in the hypothetical questions posed to the vocational expert. In light of the determination that a remand is required, this issue is appropriately pretermitted. Even if hypothetical questions are employed on remand, they may well be different from those that are being challenged. However, a residual functional capacity of a full range of light work (Tr. 19) should be consistent with the limitation in the hypothetical questions to inside work (Tr. 57).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _14th_ day of January, 2011.

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE